**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**DIVISION**

**JULIO ALLENDE,**

**Plaintiff,**

**v.** **Case No. :**

**AVESTA HOMES LLC,**

**Defendant.**
______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIO ALLENDE ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, AVESTA HOMES LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized to do business, and doing business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

7. As part of regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

12. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

13. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

14. Plaintiff has satisfied all conditions precedent, or they have been waived.

15. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16. Plaintiff requests a jury trial for all issues so triable.

17. At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

18. Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

## FACTS

20. Plaintiff was employed by Defendant from as a maintenance worker in or around July 2012 until in or around September 2014.

21. During Plaintiff's employment, Defendant paid Plaintiff a salary and misclassified him as an exempt employee under the FLSA.

22. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

23. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rates for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

24. Defendant failed to pay Plaintiff the overtime premium mandated by the FLSA for all of the overtime hours that Plaintiff worked.

25. Defendant's actions constitute a willful violation of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

29. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 7th day of March, 2016.

Respectfully Submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: mkimbrough@wfclaw.com
**Attorneys for Plaintiff**