**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JULIO ALLENDE,

Plaintiff,

vs. Case No. 8:16-cv-00566-JSM-AEP

AVESTA HOMES LLC,

Defendant.
_______________________________________/

# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (the "Agreement") is entered into by and between JULIO ALLENDE, on behalf of himself, his heirs, executors, administrators and assigns (collectively, "Allende"); and AVESTA HOMES, LLC, on behalf of its present, past, and future affiliates, predecessors, successors, assigns, and each and every one of their respective servants, partners, employees, agents, controlling persons, representatives, joint venturers, beneficiaries, trustees, and alter egos (collectively, the "Defendant").

**WHEREAS,** Allende was employed by Defendant and asserts claims out of and relating to his employment;

**WHEREAS,** Allende filed the above-styled lawsuit against Defendant (the "Litigation");

**WHEREAS,** Allende and Defendant (collectively, the "Parties") desire to fully and completely resolve and settle any and all claims known and unknown, which Allende had, has or may have against Defendant, including but not limited to the claims in the Litigation; and

**WHEREAS**, there exists a bona fide dispute between the Parties regarding the employment classification of Allende; the number of hours actually worked by Allende; whether



JA _____JA

Allende was compensated for all hours worked; and if overtime and/or liquidated damages are owed.

**NOW THEREFORE,** in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. The above recitals are true and correct and are incorporated herein by reference.

2. The terms of this Agreement are contingent upon its approval by the Court and the entrance of an Order of Dismissal With Prejudice in the Litigation. Allende and his counsel agree to cooperate with counsel for Defendant and take all actions necessary to obtain approval of this Agreement and dismissal of the Litigation with prejudice for no additional consideration, including but not limited to jointly filing the Joint Stipulation and Motion for Approval of FLSA Settlement Agreement and Dismissal With Prejudice and Memorandum of Law attached as **Exhibit A.**

3. Upon the Court's approval of this Agreement and the entrance of an Order dismissing the Litigation, with prejudice, Defendant shall deliver to Allende's counsel four checks in full settlement of all claims:

(a) a check made payable to Allende in the amount of $1,950.00, minus applicable taxes and withholdings in settlement of Allende's alleged unpaid overtime;

(b) a check made payable to Allende in the amount of $1,950.00 in settlement of Allende's claim for liquidated damages;

(c) a check made payable to the Trust Account of the Wenzel Fenton Cabassa, P.A. in the amount of $4,000.00 in settlement of Allende's attorneys' fees and costs; and

(d) a check made payable to Allende in the amount of $100.00 in settlement of any and all other claims or causes of action arising out of or related to Allende's employment by Defendant.

4. The Parties agree that the amounts paid to Allende pursuant to Paragraph 3(a), will be treated as wages, with applicable taxes and withholdings deducted and a W-2 issued to Allende.



JA JA

The Parties agree and understand that the amounts paid to Allende and Wenzel Fenton Cabassa, P.A. pursuant to Paragraphs 3(b), 3(c) and 3(d) will be subject to 1099 reporting. Allende agrees that he is responsible for the payment of any and all taxes that may be owed by him in connection with his claims against Defendant and for payment of any and all federal, state and local taxes which may be due by virtue of this Agreement. Allende agrees to hold harmless and indemnify Defendant should there be any resulting liability for failure to pay any and all taxes which may be owed by Allende or Defendant.

5. Allende represents and warrants to Defendant that he has not filed any lawsuit(s), complaint(s) or initiated any other legal action(s) against Defendant and that he has no pending charge(s), lawsuit(s) or any other legal action(s) against Defendant except the Litigation.

6. Allende agrees that he has now been paid and/or has received all leave (paid or unpaid), compensation, wages, overtime, bonuses, commissions and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, overtime, bonuses, commissions and/or benefits are due to him, except as provided for in this Agreement.

7. Allende hereby waives and releases all claims he may have against Defendant under the FLSA or the laws of the State of Florida for unpaid wages, minimum wage, overtime and liquidated damages.

8. (a) Allende, individually, and on behalf of, as applicable, Allende's current, former, and successor agents, representatives, guardians, heirs, assigns, successors, executors and administrators does hereby irrevocably release, acquit, and discharge Defendant and the Other Released Parties (as defined in 8(b) below), from any and all Claims and Controversies (as defined in 8(c) below); *provided, however,* that nothing in this Agreement will be considered a release of Allende's claims, if any, for Allende's right to enforce this Agreement.



JA JA

(b) For the purposes of this Agreement, the term "Other Released Parties" means, as applicable, Defendant's related and affiliated entities and insurers (including corporations, limited liability companies, firms, associations, partnerships, and joint ventures) and with respect to Defendant and its related and affiliated entities and insurers, each of their respective predecessors and successors, and each of their past, present and future employees, officers, directors, stockholders, trustees, owners, partners, members, representatives, administrators, assigns, attorneys, agents, servants, assigns, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs).

(c) For the purposes of this Agreement, the term "Claims and Controversies" means any and all claims, debts, damages, demands, liabilities, benefits, suits in equity, complaints, grievances, obligations, promises, agreements, rights, controversies, costs, losses, remedies, attorneys' fees and expenses, back pay, front pay, severance pay, percentage recovery, injunctive relief, lost profits, emotional distress, mental anguish, personal injuries, liquidated damages, punitive damages, disability benefits, interest, expert fees and expenses, reinstatement, other compensation, suits, appeals, actions, and causes of action, of whatever kind or character, including without limitation, any dispute, claim, charge, or cause of action arising under the Civil Rights Act of 1964, Title VII (including the Civil Rights Act of 1991); the Civil Rights Act of 1866, 42 U.S.C. §§ 1981; the Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Employee Retirement Income Security Act; the Consolidated Budget and Reconciliation Act of 1985; the Fair Labor Standards Act; the Family and Medical Leave Act; the Labor Management Relations Act; the Employee Polygraph Protection Act; the Racketeer Influenced and Corrupt Organizations Act; the Occupational Safety and Health Act; the Electronic Communications



JA JA

Privacy Act; the Uniform Services Employment and Re-Employment Rights Act; the Sarbanes-Oxley Act; the Fair Credit Reporting Act; the Florida Civil Rights Act; the Genetic Information Non-Discrimination Act; Florida's Minimum Wage Act; the Florida Whistleblower's Act; all other applicable state and federal fair employment laws, state and federal equal employment opportunity laws, and state and federal labor statutes and regulations, and all other constitutional, federal, state, local, and municipal law claims, whether statutory, regulatory, common law (including without limitation, breach of employment agreement, other breach of express or implied contract, wrongful discharge in violation of public policy, workers' compensation retaliation, breach of covenant of good faith and fair dealing, promissory estoppel, quantum meruit, fraud, fraud in the inducement, fraud in the factum, statutory fraud, negligent misrepresentation, defamation, libel, slander, slander per se, retaliation, tortuous interference with prospective contract, tortuous interference with business relationship, tortuous interference with contract, invasion of privacy, intentional infliction of emotional distress, and any other common law theory of recovery, whether legal or equitable, negligent or intentional), or otherwise, whether known or unknown to the Parties, foreseen or unforeseen, fixed or contingent, liquidated or unliquidated, directly or indirectly arising out of or relating to any and all disputes now existing between Allende on the one hand, and Defendant or the Other Released Parties on the other hand, whether related to or in any way growing out of, resulting from or to result from Allende's employment with and/or termination from Defendant, for or because of any matter or thing done, omitted, or allowed to be done by Defendant or the Other Released Parties, as applicable, for any incidents, including those past and present, which existed or may have existed at any time prior to and/or contemporaneously with the execution of this



JA JA

Agreement, including all past, present, and future damages, injuries, costs, expenses, attorney's fees, other fees, effects and results in any way related to or connected with such incidents.

(d) Allende understands that he is releasing Claims of which Allende may not be aware. This is Allende's knowing and voluntary intent, even though Allende recognizes that someday Allende might learn that some or all of the facts that Allende currently believes to be true are untrue and even though Allende might then regret having signed this Agreement. Nevertheless, Allende is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. It is further understood and agreed that Allende is waiving all rights under any statute or common law principle which otherwise limits application of a general release to claims which the releasing party does not know or suspect to exist in his favor at the time of signing the release which, if known by him, would have materially affected his settlement with the party being released and Allende understands the significance of doing so.

9. The Parties agree to refrain from making disparaging comments, either verbally or in writing, about the other.

10. Allende hereby waives any and all rights he has, had or may have against Defendant for reinstatement to his former or equivalent job, or to any other position with Defendant for any reason. Allende agrees not to apply for employment with Defendant.

11. Except as provided for in this Agreement, Allende agrees to waive the right to seek payment of attorneys' fees or costs relating to the Litigation.

12. Allende represents and warrants that he is authorized to enter into and has the authority to perform the terms of this Agreement and that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims



JA ____ JA

13. This Agreement is the result of a compromise of disputed claims, and it is understood that the execution and performance of this Agreement by Defendant does not constitute, nor shall it be construed as an admission that Defendant violated any law, statute, rule, regulation or ordinance of either the United States or the State of Florida or breached any duty owed to Allende or any other employee under federal, state or local law, policy or practice, with respect to their employment, or in any other matter, or that any of Allende's claims have any merit whatsoever. Defendant explicitly denies any such wrongdoing.

14. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

15. In any litigation arising out of or relating to this Agreement or Velez' employment with Defendant, the parties agree all issues of law or fact shall be determined by the Court and any and all right to a jury trial is expressly waived.

16. In the event that Allende or Defendant commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

17. This Agreement shall be construed and governed in accordance with laws of the State of Florida.



JA ____ JA

18. The Parties hereto agree that this Agreement constitutes the entire agreement between them relating to any matters covered by this Agreement or any other matter whatsoever. This Agreement supersedes and replaces all prior agreements and understandings.

19. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

20. This Agreement is binding on Allende and his respective heirs, successors and assigns.

21. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

22. The Parties acknowledge that each party has had an opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

23. The Parties acknowledge and assume the risk that facts, additional and different or contrary to the facts which they believe to exist, may now exist or may be discovered after this Agreement has been entered, and the Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

24. Each party to this Agreement acknowledges and represents that he or it (a) has fully and carefully read this Agreement prior to signing it, (b) has been, or has had the opportunity to be, advised by independent legal counsel of his or its own choice as to the legal effect and meaning of each of the terms and conditions of this Agreement, and (c) is signing and



JA JA

entering into this Agreement as a free and voluntary act without duress or undue pressure or influence of any kind or nature whatsoever and has not relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Agreement.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement.

**JULIO ALLENDE**

Dated: ______________________ ______________________________

I, Julio Allende, do hereby declare that the attached Agreement was translated from English to Spanish by ______________________, and further that I understand what has been translated and read to me.

______________________________
JULIO ALLENDE

Dated: ______________________

**AVESTA HOMES, LLC**

R. Quincy Bird
Name: R. Quincy Bird
Title: Director of Compliance



_____JA

entering into this Agreement as a free and voluntary act without duress or undue pressure or influence of any kind or nature whatsoever and has not relied on any promises, representations or warranties regarding the subject matter hereof other than as set forth in this Agreement.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement.

**JULIO ALLENDE**

Dated: 8-2-16 ____________________

I, Julio Allende, do hereby declare that the attached Agreement was translated from English to Spanish by Cynthia gonzales, and further that I understand what has been translated and read to me.

____________________
JULIO ALLENDE

Dated: ____________________

**AVESTA HOMES, LLC**

____________________

Name:

Title:

esplicado por cynthia



JA JA